Plaintiff, a performance and payment bond surety, seeks to recover $127,845.61 in withheld contract proceeds which were used by the United States to offset certain tas liabilities of the original contractor unrelated to the two subject contracts. The contractor became bankrupt a few months after commencing performance and the surety, pursuant to a takeover agreement which predated currently applicable Armed Services Procurement Regulations, performed the contracts after the trustee in bankruptcy who had performed for a short period rejected the contracts and after the Government terminated for default. Upon the surety’s completion of the construction work, the total amount of withheld contract proceeds in the hands of the Government was $202,339.39, comprising: $66,058.24 earned by but unpaid to the trustee during his performance, $62,801.50 earned by the contractor during his period of performance; and standard retainages totaling $73,479.65. The issue is whether defendant could offset the amount of tax indebtedness from the unpaid amounts earned, prior to takeover, by the contractor and the trustee in bankruptcy. Chief Commissioner (now Judge) Marion T. Bennett in a report filed May 24,1972, interpreted the takeover agreement, when read as a whole, as providing that the surety’s losses on its performance bond were to be mitigated to the extent possible from the contract amounts withheld prior to takeover “without reduction or set-off for *996 any liability, of any nature, of the Contractor to the Government which, arises independent of such contract.” If the surety’s performance loss is less than the withheld amount, the Government is entitled to set off the amount of the contractor’s liability to the Government from any sum remaining before the surety is entitled to receive any amounts in mitigation of its payment bond losses. Commissioner Bennett concluded that judgment should be entered for plaintiff in the claimed amount. On September 29,1972, the court issued the following order:
Following the filing of 'findings, an opinion, and recommended conclusion of law by former Chief Commissioner Bennett, this case comes before the court on a stipulation of the parties filed September 19,1972, signed on behalf of the plaintiff and the defendant by the respective attorneys of record, in which it is stated that a written offer was submitted by the plaintiff to the Attorney General and duly accepted on behalf of the defendant, whereby plaintiff agreed to accept the sum of $100,000 in full settlement of all claims set forth in the petition, and the defendant consented to the entry of judgment in that amount.
IT IS THEREFORE ORDERED that judgment be and the same is entered for the plaintiff in the sum of one hundred thousand dollars ($100,000).
BY THE COURT
(Sgd.) WILSON COWEN Chief Judge